# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

**CARLTON BO JOHNSON**

    Plaintiff,

v.

**ALISAM ENTERPRISES, LLC, d/b/a**
**PLAINS TRANSPORTATION, and**
**NOEL ELIAS**

    Defendants

## NOTICE OF REMOVAL

Defendant Alisam Enterprises, LLC ("Alisam Enterprises") by its undersigned attorneys, submits this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. In support thereof, Defendant states as follows:

## INTRODUCTION

1. On July 22, 2021, Plaintiff Carlton Bo Johnson ("Plaintiff") filed a Complaint in the District Court for Montezuma County, Colorado commencing a state court action. (Exhibit A, State Court Complaint.)

2. The Complaint alleges damages arising out of a motor vehicle accident on June 16, 2019, between Plaintiff and Mr. Elias while Mr. Elias was in the course and scope of his employment with Alisam Enterprises. (Ex. A, ¶¶ 4, 7.) Plaintiff alleges to have suffered bodily

injuries, including sternal fractures, rib fractures, pulmonary contusions, left foot and big toe fractures, and closed head injuries as a result of the accident. (Ex. A, ¶ 10.)

3. Plaintiff asserts a claim of negligence against Mr. Elias and claim of vicarious liability against Alisam Enterprises. (Ex. A, ¶¶ 10 – 11.)

4. Plaintiff seeks economic damages of past and future medical expenses, property damage, loss of past earnings, and future earning capacity. (Ex. A, ¶ 12.) Plaintiff also seeks non-economic special and general damages. (Ex. A, ¶ 12.)

5. Plaintiff has filed a District Court Civil Cover Sheet which indicates he is seeking monetary judgement in excess of $100,000. (Exhibit B, Civil Cover Sheet.)

6. Moreover, before the initiation of this lawsuit, Plaintiff through his retained counsel provided a settlement demand of $565,000. This demand was reiterated on May 18, 2021, when Plaintiff through his retained counsel stated that Plaintiff would not settle for less than $565,000 after the Complaint was filed in this lawsuit. (Exhibit C, Settlement Demand Letter on December 2, 2020; Exhibit D, E-Mail Correspondence from Counsel Kelly R. McCabe on May 18, 2021.)

7. Plaintiff served the Complaint on Alisam Enterprises at 6699 S. Washington Street, Amarillo, Randall County, Texas 79118, on September 19, 2021. (Exhibit E, Notice of Service.)

8. Plaintiff has not effectuated service upon Mr. Elias.

**GROUNDS FOR REMOVAL**

9. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

10. Under 28 U.S.C. § 1332(a)(1), the district courts have original jurisdiction as to "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States … ."

11. Removal is accomplished by filing a notice of removal stating the grounds for removal, together with a copy of all papers and orders served on defendant, which must be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based. 28 U.S.C. § 1446(a), (b)(1).

12. In this case, removal is proper because this is a civil action in which there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. As such, this court has original jurisdiction pursuant to 28 U.S.C. § 1332. Defendant has further complied with the requirements of 28 U.S.C. § 1446.

### ***Complete Diversity Between the Parties***

13. There is complete diversity between the parties in this action, as all parties to this action are citizens of different states.

14. Plaintiff is a citizen of and domiciled[1] in the State of Colorado, as demonstrated by the following: Plaintiff alleges in his Complaint that he resides in Montezuma County, Colorado. (Exhibit A, ¶ 1); Plaintiff is registered to vote in Colorado in 2016, and his registration is active

---

[1] *See State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("[T]he place of residence is *prima facie* the domicile."); *Walden v. Broce Construction Co.,* 357 F.2d 242, 245 (10th Cir. 1966); *Kelleam v. Md. Cas. Co.*, 112 F.2d 940, 943 (10th Cir. 1940), *rev'd on other grounds*, 312 U.S. 377 (1941) ("Proof that a person is a resident of a state is prima facie evidence that he is a citizen thereof.")

(Exhibit F, Voter Record); and Plaintiff's voter registration also lists his residential address as 6790 Highway 160, Cortez, Colorado 81321. (Ex. F.)

15. Defendant Alisam Enterprises is a citizen[2] of the State of Texas, as it is an entity organized under the laws of the State of Texas and has its principal place of business in San Antonio, Texas. (Exhibit G, Alisam Enterprises Texas Secretary of State Records.) Furthermore, Plaintiff in his Complaint alleges Alisam Enterprises is a limited liability company organized under the state of Texas, with a principal place of business located in Texas. (Ex. A, ¶ 3.) *See* 28 U.S.C. § 1332(c)(1).

16. Finally, Mr. Elias is a citizen of and domiciled in the state of New Mexico as demonstrated by the enclosed photocopy of his Commercial Driver's License that was issued by the state of New Mexico and lists Mr. Elias' address as 205 Sunland Drive, Clovis, New Mexico 88101. (Exhibit H, Photocopy of Noel Elias State of New Mexico Commercial Driver's License).). Finally, Plaintiff in his Complaint alleges Mr. Elias is a resident of the state of New Mexico. (Ex. A. ¶ 2.) (*See* Footnote 1 above.)

### *Amount in Controversy*

17. The amount in controversy exceeds $75,000. In his Complaint and Civil Cover Sheet, Plaintiff seeks economic and non-economic damages from Defendants in an amount exceeding $100,000.[3] (Ex. A & Ex. B.)

---

[2] For purposes of diversity, corporation is deemed to be citizen of every state by which it has been incorporated and of the state where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

[3] Colorado Civil Cover Sheet is a paper under 28 U.S.C. § 1446(b) for which the amount of controversy can be ascertained to exceed the federal diversity threshold of $75,000 giving defendant notice that suit is removable, thereby triggering the 30-day period for timely removal. *Paros Properties, LLC., v. Colorado Casualty Ins. Co.,* 835 F.3d 1264, 1273 (10th Cir. 2016); *Henderson v. Target Stores,* 431 F. Supp. 2d 1143, 1144 – 45 (D. Colo. 2006).

18. Moreover, prior to the initiation of this lawsuit, Plaintiff provided a settlement demand of $565,000 and subsequently Plaintiff's retained counsel stated that Plaintiff would not settle for less than $565,000. (Ex. C; Ex. D.)

19. Based on the amount sought in the Complaint, Civil Cover Sheet, and pre-suit settlement demands, it is clear the Plaintiff seeks damages exceeding $75,000.

### *Procedural Requirements*

20. Defendants' Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(c). Plaintiff served the Complaint on Alisam Enterprises on September 19, 2021 (*see* Ex. E), and this Notice of Removal is filed within 30 days of that date.

21. Plaintiff has yet to effectuate service upon Mr. Elias.

22. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon defendant in the state court action are attached, including the Complaint (Exhibit A); Civil Case Cover Sheet (Exhibit B); Declaration of Service - Alisam Enterprises (Exhibit E); District Court Civil Summons – Alisam Enterprises (Exhibit I); District Court Civil Summons – Noel Elias (Exhibit J); Answer – Alisam Enterprises (Exhibit K.)

23. Pursuant to 28 U.S.C. § 1446(d), the undersigned hereby certifies that this Notice of Removal has been filed with the Clerk of the Court for the Denver County District Court and served on Plaintiff's counsel. *See* Exhibit L, Notice of Filing of Notice of Removal.

24. Pursuant to D.C.COLO.LCIVR 81.1, a copy of the register of actions in the state court action is attached as Exhibit M. There are no pending motions, petitions, or related responses, replies, or briefs in the state court action, and no hearings are scheduled.

25. By filing this Notice of Removal, Defendants do not waive any defense that may be available to them.

WHEREAS, Defendants Alisam Enterprises, LLC requests that the above action now pending against it in the District Court for Montezuma County be removed to this Court.

Dated this October 22, 2021.

Respectfully submitted,

*s/Seth A. Rider*
Seth A. Rider, Esq.
Tyler D. Olson, Esq.
Morgan Rider Riter Tsai, P.C.
1512 Larimer Street, Suite 450
Denver, CO 80202
Phone: (303) 623-1832
Fax: (303) 623-1833
Email: srider@morganrider.com
tolson@morganrider.com

ATTORNEYS FOR DEFENDANT
DEFENDANT ALISAM ENTERPRISES, LLC

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing was duly served October 22, 2021 to each of the following:

| | | |
|---|---|---|
| Kelly R. McCabe, Esq. | ( ) | via U.S. Mail |
| Keenen D. Lovett, Esq. | (x) | via Electronic Mail |
| Bryson C. McCabe. Esq. | ( ) | via Facsimile |
| KELLY R. McCABE, P.C. | ( ) | via Overnight Mail |
| 22 E. Main St., P.O. Box 1296 | ( ) | via CM/ECF System |
| Cortez, CO 81321 | | |
| *Counsel for Plaintiff* | | |

                 *s/ Imelda Andrade*